**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | **Criminal No. 20-cr-28** |
| **v.** | |
| **DARRELL FOSTER,** | **Hon. Reggie B. Walton** |
| **Defendant.** | **Sentencing Date:  April 2, 2026** |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING REGARDING DEFENDANT'S VIOLATION OF SUPERVISED RELEASE

On February 22, 2021, Darrell Foster (the "Defendant"), pleaded guilty to two counts: Escape from Custody, in violation of 18 U.S.C. § 751(a), and Felony Fleeing, in violation of 50 D.C. Code § 2201.05b(b)(2) (2001 ed.)). *See* ECF No. 10. The Escape from Custody charges arose when the Defendant escaped while serving a sentence at Hope Village for a violation of his supervised release on an earlier conviction for Robbery and Possession of a Firearm in D.C. Superior Court case number 2013 CF2 012495. *See* ECF No. 18 at 1-2. The Felony Fleeing charge arose when law enforcement attempted to stop a car that had been stolen during an armed carjacking two days earlier, and the Defendant, who was the driver, refused to stop and collided into stopped cars. *See id.*

This Court sentenced the Defendant to 6 months of imprisonment for the violation of 18 U.S.C. § 751(a) and 18 months of imprisonment for the violation of 50 D.C. Code § 2201.05b(b)(2), to be served consecutively. ECF No. 20 at 2. In addition, the Defendant was sentenced to serve three years of supervised release on each count, to run concurrently. *Id.* at 3. The Defendant's term of supervised release began on July 26, 2022, and was scheduled to expire on July 24, 2025. ECF No. 46 at 1.

On January 19, 2025, while still on supervised release in the instant case, the Defendant forced his way at gunpoint into a home in Adamstown, Maryland, to commit a theft. The Defendant possessed a firearm while committing the burglary. He was arrested, charged, and, on July 14, 2025, the Defendant pleaded guilty in Frederick County, Maryland, Circuit Court to Conspiracy – Burglary – First Degree, in violation of Maryland common law and Maryland Criminal Law § 6-202(b), and to Firearm – Possession with Prior Crime of Violence Conviction, in violation of Maryland Public Safety § 5-133(c).

For the reasons that follow, the Government respectfully recommends that this Court sentence the Defendant at the top of the applicable guidelines range: 18 months' imprisonment to be served consecutively to his sentence in Frederick County, Maryland, Circuit Court case number C10CR25-114.

## BACKGROUND

### *The Conduct Underlying the Defendant's Conviction in this Matter*

The facts underlying the Defendant's conviction in this matter are set forth in the Statement of Offense which he and his counsel signed. *See* ECF No. 9.

The Defendant had been previously convicted of Robbery in D.C. Superior Court case number 2013-CF2-012495 and Unlawful Possession of a Firearm in D.C. Superior Court case number 2016-CF2-007106. He began serving his sentence at USP Hazelton, in Bruceton Mills, West Virginia, as a result of violations of his supervised release. Subsequently, the Defendant was transferred to Hope Village on October 8, 2019. On October 20, 2019, at approximately 7:30 p.m., the Defendant gathered all of his personal belongings and walked out of Hope Village without authorization and was immediately placed on escape status.

Prior to his transfer to Hope Village, the Defendant signed a Furlough Application, acknowledging that (1) the furlough served as an extension of his confinement, (2) he remained in the custody of the U.S. Attorney General, and (3) should he fail to remain within the extended limits of this confinement, it would be deemed an escape from custody, punishable under 18 U.S.C. § 751.

On August 8, 2020, the Prince George's (PG) County Police Department reported an Armed Carjacking of a 2016 Toyota Camry, bearing Maryland registration 6DJ0223, out of Hyattsville, Maryland. On August 10, 2020, the Metropolitan Police Department's ("MPD") Seventh District dispatcher advised MPD units in the area that PG County officers had spotted and were following behind the stolen Camry in the Anacostia area of D.C. MPD officers responded to the area in an effort to assist. Multiple marked police vehicles, with lights and sirens activated, attempted numerous times to initiate a traffic stop on the Camry. However, the driver of the Camry who was later identified as the Defendant, knowingly refused to bring the motor vehicle to a stop, and continued to operate the vehicle in a reckless manner, in an attempt to flee and elude all law enforcement officers involved.

Eventually, the Defendant drove the Camry into the 1600 block of V Street S.E., Washington, D.C., where cars were parked on both sides of the narrow street. Additionally, a DCFEMS medic unit was parked in front of 1624 V Street on an uninvolved call for service. Although there was insufficient room for the defendant to continue up the street, he continued forward, striking a parked Hyundai, as well as Medic 19B, causing property damage to both. It was at this point that the defendant exited the Camry and attempted to flee from officers on foot. After a brief foot chase, officers were able to secure the defendant in handcuffs. Officers searched

law enforcement databases and determined that the Defendant did not possess a valid license to operate a motor vehicle within the District of Columbia, Maryland, or Virginia.

*The Conduct Underlying the Defendant's Violation*[1]

Based on the application for statement of charges in District Court of Maryland for Frederick County, on January 19, 2025, the Defendant and another individual, Darius Mauricio Jones, burglarized a house in Adamstown, Maryland. *See* Statement of Charges in District Court of Maryland for Frederick County, Maryland Case No. D-111-CR-25-000463, attached hereto as Exhibit A. Both the Defendant and Jones carried firearms. *See id.* at 5-6. They confronted an individual ("Individual-1") outside of the house, brandished their firearms, and demanded that Individual-1 let them into the house. *See id.* at 5. Once inside the house, they made Individual-1 and another person present in the house ("Individual-2") lie facedown on a bed while the Defendant and Jones searched through the house for items of value. *See id.* While the Defendant and Jones were searching the home, a third individual ("Individual-3") entered the house. *See id.* Shots were fired. *See id.* The Defendant and Jones fled but were apprehended by law enforcement nearby. *See id.* at 6. Law enforcement officers discovered that the Defendant had been shot twice. *See id.*

*The Pre-Sentence Investigation Report*

The Presentence Investigation Report (PSIR) that was prepared by the United States Probation Office ("USPO') in connection with this case summarizes the Defendant's personal and criminal history prior to his conviction in this matter. *See* ECF No. 19. As indicated in the PSIR,

---

[1]    The United States Probation Office Petition has listed nine violations in its Statement of Alleged Violations of Supervised Release and Addendum: Statement of Additional Violation(s) of Supervised Release. Violation No. 6 was established by the Defendant's plea of guilt in Frederick County, Maryland, Circuit Court case number C10CR25-114. At a Final Revocation Hearing on March 19, 2026, this Court revoked the Defendant's supervised release on that basis.

the Defendant has a lengthy and serious criminal history, which began nearly twenty years ago and includes multiple violent crimes. *See id.* at ¶¶ 34-58; *see also* ECF No. 10 at 3-4.

With regard to adult criminal convictions, the Defendant was convicted of Robbery in D.C. Superior Court case number 2013 CF2 012495 on August 23, 2013, at the age of 18. *Id.* at ¶ 40. He was initially sentenced to 24 months incarceration and 3 years of supervised release. *Id.* On May 9, 2018, the Defendant's supervised release was revoked, and he was resentenced to 24 months of incarceration. *Id.*

The Defendant was also convicted of Unlawful Possession of a Firearm (Prior Conviction greater than 1 year) in D.C. Superior Court case number 2016 CF2 007106. *Id.* at ¶ 41. He was sentenced to 24 months incarceration and 3 years of supervised release. *Id.* On May 9, 2018, the Defendant's supervised release was revoked, and he was resentenced to 24 months of incarceration. *Id.*

*Behavior on Supervised Release*

The Defendant's term of supervised release began on July 25, 2022. Less than a month after his release from imprisonment, on August 24, 2022, the USPO filed a Notice of Noncompliance/Reentry Progress Report/Request for Summons indicating that, on August 3, 2022, the Defendant had tested positive for multiple controlled substances. *See* ECF No. 22.

On December 15, 2022, the USPO filed a Notice of Noncompliance/Status Report indicating that the Defendant had violated multiple conditions of release, including failing to report for substance abuse testing, failure to notify of an address change, failure to verify community service hours, and failure to pay restitution. *See* ECF No. 32.

On May 26, 2023, the USPO filed a Notice of Noncompliance/No Action indicating that the Defendant had violated multiple conditions of release, including committing a crime and failing to complete community services hours. *See* ECF No. 35.

On June 13, 2024, the USPO filed a Statement of Alleged Violations of Supervised Release/Petition for Summons indicating that the Defendant had violated multiple conditions of release, including testing positive for multiple controlled substance on multiple occasions, failure to participate in his substance abuse treatment program, failure to report for substance abuse testing, failure to notify about an address change, and failure to complete community service hours. *See* ECF No. 37.

On or about January 28, 2025, the USPO sent an Addendum to its June 13, 2024, Statement of Alleged Violations of Supervised Release/Petition for Summons noting additional violations of multiple conditions of release, including committing a crime, possessing a firearm, failing to pay restitution, and failing to complete community service.

## **ARGUMENT**

When imposing sentence for a revocation of supervised release, the Court considers "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). Those factors are "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational vocational training, medical care, or other correctional treatment in the most effective manner," *id.* § 3553(a)(2)(B)–(D); applicable Sentencing Guidelines and pertinent policy statements, *id.* § 3553(a)(4)–(5); "the need to avoid unwarranted sentence disparities among defendants with

similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6); and "the need to provide restitution to any victims of the offense," *id.* § 3553(a)(7).

**THE APPLICABLE SENTENCING GUIDELINES**

The Defendant has admitted to a Grade B violation of the terms of his supervised release. *See* U.S.S.G. § 7.C1.1(a)(2). The statutory maximum term of imprisonment for such a violation is twenty-four months' imprisonment, and the maximum term of supervised release is thirty-six months, as the instant conviction is for a Class D felony. *See* 18 U.S.C. § 3583(b)(2), (e)(3). The Defendant's Criminal history at the time he was originally sentenced in this matter was Category IV. ECF No. 27. Therefore, the Defendant's Guideline's range is 12-18 months of imprisonment. *See* U.S.S.G. § 7C1.5. The Guidelines also state that the term of imprisonment "generally should be ordered to be served consecutively to any sentence of imprisonment being served resulted from the conduct that is the basis for the revocation of supervised release." U.S.S.G. § 7C1.4(b).

**THE GOVERNMENT'S RECOMMENDATION**

The Government recommends that the Court sentence the Defendant to 18 months' imprisonment, to be served consecutively to his sentence in Frederick County, Maryland, Circuit Court case number C10CR25-114. This sentence—at the top of the applicable guidelines range—reflects the serious nature of this offense, the Defendant's lengthy criminal history and persistent failure to abide by conditions of release, and provides deterrence to the Defendant and others in the community.

I.      **The Nature and Circumstances of the Defendant's Violation.**

The Defendant has committed an extraordinarily dangerous crime – an armed burglary of a home. The Defendant conspired with at least one other individual to wait outside of a residence. They both then approached a victim, threatened him with firearms, and demanded entry to his

home at gunpoint. The Defendant and his accomplice then made the residents lie facedown in a bed while they ransacked the house for cash or valuables. Their crime resulted in an outbreak of gunfire in the home.

The Defendant's conduct would be shocking at any time, but particularly when committed during his term of supervised release, a time he should have been on particularly law-abiding behavior. The Defendant put the lives of others (and his own life) in peril merely for an opportunity for financial gain. The nature and circumstances of this offense calls for a lengthy term of incarceration.

## II.    The History and Characteristics of the Defendant.

As laid out above, this is not the Defendant's first violation. He has a lengthy and consistent criminal history, including convictions for felony offenses now on five separate incidents occasions in the thirteen years since he became an adult. Further, the instant violation echoes his prior criminal conduct, as evidenced by his previous conviction for robbery in 2013 and unlawful possession of a firearm in 2018. And despite repeated periods of incarceration and supervision for that conduct, the Defendant has continued to engage in the same illegal and violent conduct that risks serious physical harm to others and himself. The Defendant is also either unwilling or unable to comply with conditions of release, and his supervised release has now been revoked on every sentence that he has received as an adult. Even during his current term of supervised release before the criminal conduct that resulted in the instant revocation, the Defendant had consistently failed to abide by his conditions of release.

Thus. the Defendant's history and characteristics – primarily reflected in persistent violations of the criminal law every time he has been released – justify a term of imprisonment at the top of the applicable guidelines range.

8

### III.   **The Need for the Sentence Imposed.**

The requested sentence is no greater than necessary to meet the goals of sentencing. The sentence keeps the public safe from an individual who has repeatedly chosen to endanger others through his criminal actions. Additionally, it provides further deterrence to the Defendant to cease his repeated unlawful behavior, a goal for which the original sentence totaling twenty-four months was apparently inadequate.

The sentence also provides general deterrence: it will signal to the community that the repeated violations of court-ordered conditions and committing violent crimes while on supervised release are serious matters and will hopefully deter others from doing so.

The Defendant has repeatedly engaged in criminal behavior, including while on supervised release and in escape status.  Lengthy prison sentences, court supervision, and the threat of rearrest have not yet had the effect of deterring him. The requested sentence of 18 months of incarceration – the top of the applicable guidelines range – served consecutively to his sentence for the new conviction is a reasonable one.

### CONCLUSION

For all the foregoing reasons, the Government respectfully requests that the Court impose a sentence of 18 months of imprisonment, to be served consecutively to his sentence in Frederick County, Maryland, Circuit Court case number C10CR25-114.

Respectfully submitted,

Jeanine Ferris Pirro
United States Attorney

By:     */s/ Brendan M. Horan*
Brendan M. Horan
Special Assistant United States Attorney
N.Y. Bar No. 5302294
601 D Street NW
Washington, DC 20579
(202) 730-6871
Brendan.Horan@usdoj.gov